IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| CONNECTIV SERVICES, INC.<br><br>    Plaintiff<br><br>v.<br><br>FIDELITY & DEPOSIT COMPANY OF MARYLAND<br><br>    Defendant | Civil Action No.: 1:08-CV-00284-UNA |

## DEFENDANT, FIDELITY & DEPOSIT COMPANY OF MARYLAND'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Fidelity & Deposit Company of Maryland ("F&D"), by Daniel A. Griffith and Whiteford, Taylor & Preston, LLC, hereby files its Answer to the Complaint of Connectiv Services, Inc. ("Connectiv") and states as follows:

1. F&D has insufficient knowledge to either admit or deny the allegations set forth in paragraph 1 of the Complaint and, on the ground, denies the same.

2. F&D admits the allegations set forth in paragraph 2 of the Complaint.

3. F&D admits the allegations set forth in paragraph 3 of the Complaint.

4. F&D denies the allegations set forth in paragraph 4 of the Complaint.

5. F&D admits the allegations set forth in paragraph 5 of the Complaint.

6. F&D admits that Connectiv entered into a subcontract with Venables in connection with the Project; however, F&D has insufficient knowledge to either admit or deny the date of such subcontract and, on that ground, denies the same.

7. F&D denies the allegations set forth in paragraph 7 of the Complaint.

8. F&D admits that Connectiv made a bond claim and denies the remaining allegations set forth in paragraph 8 of the Complaint.

9. F&D admits the allegations set forth in the first sentence of paragraph 9 of the Complaint. F&D admits that there is a document that purports to be a settlement agreement attached to the Complaint as Exhibit A.

10. Paragraph 10 of the Complaint sets forth legal conclusions to which no response is required of F&D. To the extent a response is required, F&D denies the allegations set forth in paragraph 10 of the Complaint. By way of further answer, F&D states that the settlement agreement speaks for itself and is the only evidence of its terms.

11. The allegations set forth in paragraph 11 of the Complaint constitute legal conclusions to which no response is required of F&D. To the extent that a response is required, F&D denies the allegations set forth in paragraph 11 of the Complaint.

12. F&D admits that Connectiv conducted mediation with the owner and offered a credit to the owner; however, F&D denies that paragraph 12 of the Complaint accurately sets for the complete terms of the settlement that Connectiv negotiated with the owner and F&D denies the remaining allegations set forth in paragraph 12.

13. F&D admits the allegations set forth in the first sentence of paragraph 13 of the Complaint; however, F&D denies liability for the amounts demanded by Connectiv. F&D admits that a document that purports to be a May 23, 2007 letter authored by Connectiv is attached to the Complaint as Exhibit B.

14. F&D denies the allegations set forth in paragraph 14.

15. F&D has insufficient knowledge to either admit or deny the allegations set forth in the first sentence of paragraph 15 of the Complaint and, on that ground, denies the same.

F&D admits that a document that purports to be photocopy of a negotiable instrument is attached to the Complaint as Exhibit C.

16. F&D admits the allegations set forth in the first sentence of paragraph 16 of the Complaint. F&D admits that a document that purports to be a General Release is attached to the Complaint as Exhibit D.

17. F&D denies the allegations set forth in paragraph 17 of the Complaint.

18. F&D admits that it has refused to tender the payment demanded by Connectiv; however, F&D denies liability for the demanded payment and denies the remaining allegations set forth in paragraph 18.

19. The allegations set forth in paragraph 19 of the Complaint constitute legal conclusions to which no response is required of F&D. To the extent that a response is required, F&D denies the allegations set forth in paragraph 19 of the Complaint.

### Affirmative Defenses

1. Connectiv's claims are barred in whole or in part by release.

2. Connectiv's claims are barred in whole or in part by waiver.

3. Connectiv's claims are barred in whole or in part by laches.

4. Connectiv's claims are barred in whole or in part by the applicable statutes of limitations.

5. Connectiv's claims are barred in whole or in part by its prior breaches of contract.

WHEREFORE, Fidelity & Deposit Company of Maryland respectfully requests that the Court dismiss Connectiv Services, Inc.'s Complaint with prejudice and award Fidelity & Deposit Company of Maryland all costs and expenses, including attorney's fees, incurred by Fidelity & Deposit Company of Maryland in defending against the instant action.

                    WHITEFORD TAYLOR PRESTON, LLC

                    */s/ Daniel A. Griffith*
                    Daniel A. Griffith, Esquire (No. 4209)
                    1220 Market Street, Suite 608
                    Wilmington, DE  19801
                    (302) 482-8754

*Attorney for Defendant,*
*Fidelity & Deposit Company of Maryland*

Of Counsel:
Adam Cizek
WHITEFORD, TAYLOR & PRESTON, LLP
Seven Saint Paul Street
Baltimore, Maryland 21202-1636
Telephone:     (410) 347-8717
Facsimile:     (410) 223-3497

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of May, 2008, a copy of Defendant, Fidelity & Deposit Company of Maryland's Answer to Plaintiff's Complaint was sent via the Court's electronic notice system and/or via first class mail, postage prepaid, to:

> Edward Seglias
> COHEN, SEGLIAS, PALLAS, GREENHALL & FURMAN, P.C.
> 1007 Orange Street, 11th Floor
> Wilmington, DE 19801
>
> *Attorney for Plaintiff*

>          /s/ Daniel A. Griffith
>          Daniel A. Griffith, Esquire

*1793671*